IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONATHAN CLARK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 10-294 |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
|     Defendant/ | ) | |
|     Third Party Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| MELVIN E. CLARK, SR., | ) | |
| | ) | |
|     Third Party Defendant. | ) | |

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                                      May 7, 2010

      This is a breach of contract and bad faith case. Plaintiff, Jonathan Clark, brought suit in the Court of Common Pleas of Beaver County alleging Defendant, Allstate Insurance Company, breached a homeowner's insurance policy it issued to plaintiff by failing to provide insurance coverage when the insured's home sustained water damage. Plaintiff alleges that his grandfather purchased a home for him and obtained the homeowner's insurance policy for him from defendant's agent.

      Defendant removed this case to this court based on diversity jurisdiction, 28 U.S.C.A. § 1332. Defendant then filed an answer, affirmative defenses and counterclaims. In its counterclaims, Defendant appears to be alleging fraud and seeks: (1) a declaration from this court rescinding the insurance

contract, and (2) restitution. Defendant asserts that the basis for its counterclaims against plaintiff arise out of intentional misrepresentations that were made by one Melvin E. Clark, Sr.[1]

Plaintiff has filed a motion to dismiss the counterclaims arguing, among other things, that both counterclaims are remedies, not independent causes of action. For the reasons that follow, we will grant the motion to dismiss defendant's counterclaims but will permit defendant fourteen days to amend its counterclaims in accordance with this opinion.

I. <u>BACKGROUND</u>

Because plaintiff has filed a Rule 12(b)(6) motion with respect to defendant's counterclaims, we must accept the assertions set forth in defendant's counterclaims as true. Accordingly, we accept the following material facts as true for the purpose of deciding this motion to dismiss.

In 2004, Mr. Clark, Sr. purchased a home in Beaver County, Pennsylvania. Mr. Clark, Sr. contacted defendant's agent to obtain a homeowner's insurance policy from defendant. Defendant

---

[1]

Defendant's answer denies that Melvin E. Clark, Sr. is plaintiff's grandfather. (See Doc. no. 4, ¶ 3). However, defendant identifies Melvin E. Clark, Sr. as the original purchaser of the home in question. Defendant concedes that after Melvin E. Clark, Sr. purchased the home, plaintiff became the home's owner. For purposes of clarity and solely for the purposes of deciding this motion to dismiss, we shall assume that Melvin E. Clark, Sr. referenced in defendant's counterclaims: (1) was the original home purchaser, and (2) shall be referred to as "Mr. Clark, Sr." or "plaintiff's grandfather" throughout the remainder of this opinion.

issued a homeowner's insurance policy to the plaintiff, not to Mr. Clark, Sr.

Defendant alleges that when Mr. Clark, Sr. contacted its agent to obtain the homeowner's insurance policy, Mr. Clark, Sr. misrepresented himself as plaintiff.  Defendant suggests that when Mr. Clark, Sr. made these misrepresentations he was acting as plaintiff's agent.  Defendant also claims that Mr. Clark, Sr., again acting as plaintiff's agent, misrepresented that the home in question would be used as plaintiff's primary and permanent residence.

The parties agree that: (1) the homeowner's insurance policy was renewed each year through October of 2009; (2) the home sustained water damage in February of 2009 when the pipes froze; and (3) plaintiff was not occupying the home on the day the pipes froze causing water damage.

Defendant alleges it relied upon the misrepresentations of plaintiff's agent, Mr. Clark, Sr., when it issued the policy. Defendant claims that by operation of law its reliance on Mr. Clark, Sr.'s misrepresentations deems the insurance policy void for acts of fraud.  As a result, defendant seeks rescission of the policy. Defendant also seeks restitution for the sum of money it has already paid to a third party to fix the home.  Plaintiff timely filed a motion to dismiss these counterclaims.

II. <u>STANDARD OF REVIEW</u>

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). The standard for dismissal of a counterclaim is the same as that for dismissal of a complaint. <u>U.S. v. Union Gas Co.</u>, 743 F.Supp. 1144, 1150 (E.D.Pa. 1990).

To survive a motion to dismiss, the claimant must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 at 570). A claim has facial plausibility when the party pleads facts that allow the court to draw the reasonable inference that the opposing party may be liable for the misconduct alleged. <u>Id</u>. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" <u>Iqbal</u>, 129 S.Ct. at 1950 (quoting <u>Twombly</u>, 550 U.S. at 555)); <u>see</u> <u>also</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule

12(b)(6), we apply the following rules.  The facts alleged in the claim, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.  We may not dismiss a claim merely because it appears unlikely or improbable that the non-moving party can prove the facts alleged or will ultimately prevail on the merits.  Twombly, 550 U.S. at 556, 563 n.8.  Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  Id. at 556.  In short, the motion to dismiss should not be granted if the claimant alleges facts which could, if established at trial, entitle him to relief.  Id. at 563 n.8.

III. DISCUSSION

As an initial matter, we have jurisdiction because the parties are diverse and more than $75,000 is in dispute. See, 28 U.S.C.A. § 1332.  As such, we apply Pennsylvania law.  Thabault v. Chait, 541 F.3d 512, 521 (3d Cir. 2008) (a federal court sitting in diversity is required to apply the law of the state).

A. Rescission

Under Pennsylvania law, there is no cause of action for rescission; rather, rescission is an equitable remedy that a court may grant when an insurer proves fraud by the insured in obtaining the policy. See, Overmiller v. Town and Village Ins. Service, 21 A.2d 411, 412-13 (Pa.Super. 1941)(our courts, sitting in equity,

will, upon timely application, decree the cancellation of a policy of life insurance, upon proof of fraud by the insured in obtaining it), and Castle v. Cohen, 676 F.Supp. 620, 627 (E.D. Pa. 1987)([r]escission, an equitable rather than a legal remedy, is appropriate only under extraordinary circumstances).

Pennsylvania law provides that an insurance policy is void ab initio for misrepresentation when the insurer can establish that: "(1) the representation was false; (2) the insured knew it to be false when made or acted in bad faith; and (3) the representation was material to the risk being insured." Lutheran Broth. v. Kraynak, 32 Fed.Appx. 19 (3d Cir. 2002), citing Matinchek v. John Alden Life Ins. Co., 93 F.3d 96, 102 (3d Cir. 1996). Rescission is also available when the insurer can show clear and convincing evidence that the insured knowingly failed to disclose information which was material to the risk to be insured. Rohm & Haas Co. v. Continental Casualty Co., 732 A.2d 1236, 1251 (Pa.Super. 1999).

As plaintiff notes in this case, defendant failed to assert a cause of action for fraud, and instead, attempted to assert a remedy, rescission, as a cause of action. Construing the facts in a light most favorable to defendant as the non-moving party, and notwithstanding its incorrect assertion of "rescission" as a counterclaim, we find that defendant has pled facts sufficient to assert a fraud claim and request rescission of the insurance

policy as a remedy.

Accordingly, we grant plaintiff's motion to dismiss the counterclaim; however, we will grant defendant leave to amend in accordance with this opinion.

B. <u>Restitution</u>

Like rescission, defendant has pled restitution as a cause of action when it is, in fact, a remedy.  Again, even construing the facts pled by defendant in a light most favorable to it, we must dismiss this counterclaim as well.

Restitution is not available where an express contract exists. <u>Hewitt v. Morton</u>, 78 Fed.Appx. 793, 794 (3d Cir. 2003). Although the parties agree that an insurance agreement is an express contract, defendant's counterclaim suggests that the contract was obtained via fraudulent misrepresentations.  Thus, to the extent that defendant's second counterclaim is really another count of fraud requesting the legal remedy of restitution, we dismiss the counterclaim for the same reasons set forth above, but will allow defendant time to amend.

IV. <u>CONCLUSION</u>

Based on the foregoing law and authority we dismiss defendant's counterclaims. However, defendant will be given leave to amend its pleading.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JONATHAN CLARK,                      )
                                     )
     Plaintiff,                      )
                                     )
     v.                              )    Civil Action No. 10-294
                                     )
ALLSTATE INSURANCE COMPANY,          )
                                     )
     Defendant/                      )
     Third Party Plaintiff,          )
                                     )
     v.                              )
                                     )
MELVIN E. CLARK, SR.,                )
                                     )
     Third Party Defendant.          )

ORDER

AND NOW, this 7th day of May, 2010, IT IS HEREBY ORDERED that plaintiff's motion to dismiss defendant's counterclaims [doc. no. 8] is GRANTED. It is hereby further ordered that defendant shall have fourteen (14) days leave to amend its pleading.

BY THE COURT,

_____, C. J.

cc:  All Counsel of Record

8